# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## DEXTER F. JOHNSON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamilton County**
**No. 202013      Barry A. Steelman, Judge**

---

**No. E2010-01038-CCA-R3-PC - Filed October 28, 2010**

---

The Petitioner, Dexter F. Johnson, appeals from the post-conviction court's order denying his motion to reopen his petition for post-conviction relief. The State has filed a motion requesting that this court affirm the post-conviction court's order pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Following our review, the State's motion is granted, and the judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

D. KELLY THOMAS, JR., J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, J.J., joined.

Dexter F. Johnson, Mountain City, Tennessee, pro se.

Robert E. Cooper, Attorney General and Reporter; and Clark B. Thornton, Assistant Attorney General, for the appellee, State of Tennessee

## MEMORANDUM OPINION

In 1994, the Petitioner pled guilty to two counts of first degree murder, one count of criminal attempt to commit first degree murder, and one count of criminal attempt to commit aggravated robbery. As part of his plea, the Petitioner received two life sentences, 25 years, and six years for the respective counts. Petitioner later filed a post-conviction petition which the trial court denied. This court subsequently affirmed the trial court's denial. See Dexter Frank Johnson v. State, No. 03C01-9503-CR-00088, 1996 WL 49252 (Tenn. Crim. App. Feb. 13, 1996). In 2001, the Petitioner filed a motion to reopen his post-conviction petition alleging newly discovered evidence establishing his actual innocence. The post-conviction court summarily dismissed the motion, and this court affirmed that decision finding that the

Petitioner had improperly sought an appeal under Rule 3 of the Tennessee Rules of Appellate Procedure rather than seeking permission to appeal as required by the Post-Conviction Procedure Act. Additionally, this court noted that the Petitioner's claim of newly discovered evidence did not present cognizable grounds for relief. The Petitioner has also filed numerous applications for a writ of habeas corpus in both state and federal court, all of which have been rejected. As this court has previously noted, the Petitioner remains "[u]ndaunted by his previous unavailing attempts to obtain relief . . . ." See Dexter Johnson v. Howard Carlton, Warden, No. E2008-0232-CCA-R3-HC, 2010 WL 323126, at *1 (Tenn. Crim. App. Jan. 27, 2010).

The Petitioner filed a second motion to reopen his post-conviction petition on March 21, 2010, which the post-conviction court denied. The Petitioner in his motion contends that his sentences of life for his first degree murder convictions are illegal and failed to comply with the requirements of the 1989 Sentencing Reform Act. The Petitioner repeatedly asserts that he should have received a "presumptive minimum" sentence of 15 years and that since his claims, if true, would result in a sentence reduction the post-conviction court must reopen his post-conviction petition. The State responds that the Petitioner has failed to allege any grounds for reopening his post-conviction petition and failed to follow the statutory procedure for appealing the post-conviction court's denial of his motion.

Tennessee Code Annotated section 40-30-117(c) makes appeal from the lower court's denial of a motion to reopen a petition for post-conviction relief discretionary and not as of right. The statute requires the petitioner to file an application with this court for permission to appeal within ten days of the post-conviction court's order. The Petitioner's attempt to appeal the denial of his motion through the filing of a Rule 3 notice of appeal is improper, and his appeal is dismissible on this ground alone.

Furthermore, the record supports the post-conviction court's denial of the motion on its merits. Tennessee Code Annotated section 40-30-117(a) provides a two-step analysis for the reopening of a post-conviction petition. The first step requires the petitioner to show that one of the following three limited circumstances applies: (1) a new ruling by an appellate court establishes a constitutional right not recognized at the time of trial and requiring retrospective application; (2) new scientific evidence establishing actual innocence is presented; or (3) the sentence was enhanced due to a previous conviction that was subsequently found to be invalid. Tenn. Code Ann. § 40-30-117(a)(1)-(3). If one of these limited circumstances applies, then the petitioner must establish by clear and convincing evidence that the facts underlying the claim, if true, would entitle the petitioner to have the conviction set aside or the sentence reduced. Tenn. Code Ann. § 40-30-117(a)(4). The Petitioner failed to contend in his motion that any of the required circumstance in Tennessee Code Annotated section 40-30-117(a) apply to his case, and there is simply nothing in the

record to suggest otherwise. Accordingly, we find that the post-conviction court was correct in its denial of the Petitioner's motion to reopen his post-conviction petition.

Additionally, we note that the Petitioner pled guilty to two counts of first degree murder and received two life sentences. Tennessee Code Annotated section 39-13-202(c) provides only three possible sentences for a first degree murder conviction: (1) death; (2) imprisonment for life without the possibility of parole; or (3) imprisonment for life. As the Sentencing Commission Comments note, first degree murder "is not punished according to the sentencing structure provided in" the 1989 Sentencing Reform Act. Tenn. Code Ann. § 39-11-117. Instead, first degree murder is "excluded from classification for sentencing purposes and sentenced solely according to [the] First Degree Murder statute." Tenn. Code Ann. § 40-35-101, Sentencing Comm'n Cmts. Therefore, the Petitioner's argument that his life sentences are illegal according to the 1989 Sentencing Reform Act is mistaken.

Upon due consideration of the pleadings, the record, and the applicable law, this court concludes that the post-conviction court's denial of the motion to reopen the petition for post-conviction relief was appropriate. Accordingly, we grant the State's motion for an affirmance pursuant to Rule 20 of the Court of Criminal Appeals because this opinion does not have any precedential value. The judgment of the post-conviction court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
D. KELLY THOMAS, JR., JUDGE